UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN RITCHIE,

       Petitioner,

       v.

SHARON BLACKLETTER,

       Respondent.

Civil No. 05-963-HA
Civil No. 05-1110-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

       Petitioner has filed what are construed as two petitions for writ of habeas corpus under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDA). He subsequently was appointed counsel, and his petitions have been consolidated under this action. After petitioner was appointed counsel, both parties sought extensions of time for filing supporting memoranda. This matter was then taken under advisement. This court has determined that oral argument is unnecessary in this matter.

1 -- OPINION AND ORDER

Despite possible difficulties in attempting to portray the issues petitioner asserted initially in his petitions (*see, e.g.,* Resp't's Response To Habeas Petitions at 1-2), counsel for petitioner has provided a succinct summary of petitioner's argument:

> [Petitioner's] Sixth Amendment right to the effective assistance of counsel was denied in the adjudication of guilt.  He was also denied due process and the right to counsel at his sentencing.  Because of these constitutional violations, which were fairly presented to the state courts, the Writ should issue and [petitioner] should be ordered released unless the State (as to the first point) retries or (as to the second point) appoints new counsel and conducts a new hearing on [petitioner's] motion to withdraw his pleas, and, if that motion is ultimately denied, resentences him, within sixty days.

Pet'rs Mem. In Supp. of Petition at 39.

## **BACKGROUND**

The following is a brief summary of relevant facts.  Specific details will be examined as necessary within the analysis of the legal issues presented.  Petitioner was charged with a number of sex crimes stemming from his involvement with several teenaged girls at a pet shop he owned and operated in Washington County, Oregon.  The charges were presented initially as three distinct criminal cases, but were consolidated in state trial and appellate courts.

Petitioner signed plea petitions in each of the three cases, resulting in (1) guilty pleas being entered for two counts of Compelling Prostitution, each of which carried a seventy-month mandatory minimum sentence; (2) no contest pleas being entered on two counts of Attempted Rape in the First Degree, and (3) the remaining counts being dismissed.

Prior to accepting the pleas, the court went through a colloquy with petitioner.  *See* Resp't Ex. 103.  Petitioner acknowledged reading, understanding, and having signed the petitions, and indicated that he had no questions about them.  Petitioner's potential sentences were explained, and he indicated that he was satisfied with the advice his counsel had given him.  The court

elicited a factual basis for the Attempted Rape charges, but omitted any substantive discussion regarding the two counts of Compelling Prostitution.  Petitioner was asked if he had any questions about the plea petitions as they pertained to his guilty pleas to the Compelling Prostitution charges.  Petitioner replied, "No."  The court accepted the pleas.

Petitioner subsequently moved to withdraw his pleas.  This motion and counsel's supporting affidavit were silent as to the reasons why petitioner wished to withdraw his pleas.  Instead, counsel asserted:

> Defendant has determined that he wishes to withdraw his plea in this matter, have his prior plea of not guilty re-entered of record, and have this matter scheduled for trial.
>
> I have, on more then one occasion, discussed with Defendant the pros and cons of the court granting this Motion.  I believe that the Defendant understands the import of what he is doing and proceeds in a knowing and voluntary way.

Resp't. Ex. 112 at 2.

At the same time that counsel advanced his client's motion to withdraw the guilty pleas, counsel also submitted a proposed Order for Withdrawal of Attorney.  That motion was granted and new counsel was appointed.

Shortly after this appointment, successor counsel prepared a Motion to be Relieved as Attorney because her office had previously represented a witness involved in the case.  Resp't. Ex. 110.  After an "in-chambers" discussion, the sentencing judge refused to allow counsel to withdraw because the case was "in a sentencing posture, and not proceeding to trial."  *Id*. at 2.  Counsel then decided to refrain from formally filing the motion that she had prepared, and instead discussed the issue with the trial judge in his chambers.  *Id*.

3  -- OPINION AND ORDER

The court subsequently heard argument on petitioner's pending motion to withdraw his pleas. Successor counsel advanced generic arguments on behalf of the motion, and made no specific references to the charges or facts of the case.

The sentencing judge, noting that he and petitioner reviewed the plea petitions, although "not in excruciating detail," concluded that petitioner was "aware of the consequences of entering into this agreement" and denied the motion to withdraw the pleas. Pet'r's Mem. In Supp. Ex. G.  Subsequently, at petitioner's sentencing hearing, successor counsel pursued a second attempt to withdraw on grounds that petitioner had requested her resignation. Petitioner testified that successor counsel refused to comply with his requests to communicate with other parties involved in the charges. That motion was denied. Resp't. Ex. 104 at 2-4 (counsel's motion to withdraw denied because she was not acting incompetently). There was no discussion of the prior attempt to withdraw because counsel's office had represented a prosecution witness.

Petitioner was given two consecutive sentences of seventy months for the two counts of Compelling Prostitution, and he received concurrent sentences for the Attempted Rape charges. His convictions became final when he declined to take a direct appeal.

Petitioner's formal Petition for Post-Conviction Relief in state court raised sixteen claims, including ineffective assistance of counsel arguments. These claims were denied after a hearing, and on appeal petitioner's counsel asserted ineffective assistance of counsel claims against his two appointed trial attorneys. Petitioner also submitted a *pro se* brief asserting, in part, that his pleas were not knowing and voluntary, and that he had not been informed of his possible sentences. This appeal was rejected, and the Oregon Supreme Court denied the petition for review.

A second state post-conviction petition was filed. This petition was dismissed as time-barred, and no further review was sought after petitioner's appeal was denied as untimely.

4  -- OPINION AND ORDER

Petitioner subsequently filed two petitions for writ of habeas corpus under 28 U.S.C. § 2254, as amended by AEDA, and these were consolidated for joint consideration. These petitions, and both federal cases, are resolved herein.

## QUESTION PRESENTED

In his Argument in Reply brief, petitioner's counsel clarifies that relief should be granted primarily because (1) petitioner's trial counsel performed ineffectively by failing to ensure that the trial court addressed petitioner personally and ascertained that petitioner understood the nature of the Compelling Prostitution charges against him, and by permitting petitioner to enter pleas that were neither knowing nor intelligent; and (2) because of the trial court's failure to conduct an adequate, on-the-record inquiry regarding successor counsel's motion to withdraw. Pet'r's Argument in Reply at 1-2 & 2 n.1. Petitioner's other, previously raised claims have been considered and are rejected to the extent that those claims address issues unrelated to petitioner's ineffective assistance of counsel claims.

## STANDARDS

A writ of habeas corpus shall not be granted pursuant to any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established law; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1) and (2).

Further, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

A state prisoner has exhausted all state remedies when the prisoner does not have the right under state law "to raise, by any available procedure, the question presented." *See* 28 U.S.C. § 2254(c). This exhaustion doctrine may preclude a federal petition action when "the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law." *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (citing 28 U.S.C. § 2254(c)). The exhaustion doctrine requires a state prisoner to "give the state courts an opportunity to act" on claims before they are presented to a federal court in a habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case. The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reasonableness of counsel's performance is judged based on the facts of the particular case as they were known at the time of counsel's conduct. *Bell v. Cone*, 535 U.S. 685, 698 (2002).

Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

To establish ineffective assistance of counsel, petitioner must establish both deficient performance by counsel and that the deficiency prejudiced the petitioner. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697.

6  -- OPINION AND ORDER

In a guilty-plea case such as the one at bar, the prejudice requirement is satisfied if the petitioner shows that there is a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have instead insisted on going to trial. *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

If prejudice from the alleged errors is shown, petitioner must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the petitioner must first demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness. *Id*. at 688. To establish prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams*, 52 F.3d at 1469 (quoting *Strickland*, 466 U.S. at 694).

Specifically, to prove a deficient performance of counsel, a petitioner must demonstrate that his or her attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985); *see also Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990) (citing *Strickland*). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny

must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

## ANALYSIS

The court has considered all of the briefs submitted by petitioner, the responses filed by the government, and the entire record of this case. This court concludes that an evidentiary hearing in this matter is unnecessary. Petitioner bases his assertion of ineffective assistance of counsel on the allegation that the attorney initially appointed to him failed to ensure that his pleas of guilty to the two charges of compelling prostitution were knowing, intelligent and voluntary.

A review of petitioner's initial trial counsel's affidavit reveals that the attorney understood that petitioner's "chief accuser," Amber Shelton, offered to help petitioner "find a girlfriend." Resp't. Ex. 108 at 2. Petitioner agreed to pay Shelton for doing so, and she introduced three "candidates" to petitioner. *Id*. at 2-3. Petitioner pled "no contest" to counts of Attempted Rape involving two of these candidates. *Id*. The third candidate acknowledged that she had sex with petitioner on purely a "sex-for-money deal." *Id*. at 3. She told petitioner's counsel that Shelton "set it up." *Id*. Counsel then described his communications with petitioner:

> All of those facts were told by petitioner to both my investigator and me many times. We spoke with petitioner many time[s] about how best to limit his exposure. We spent hours with him going over the elements of the crimes. I spent hours with him talking about the elements of Compelling Prostitution. We spoke about pleading -- versus trial off and on with petitioner *many* times. His actual decision to enter a plea in these cases was made rather abruptly and only shortly before trial.
>
> It is preposterous for petitioner to suggest . . . that he did not know what rights he was giving up. Petitioner used to come to meetings with his own criminal code marked up! He was always citing the law to me and making me explain why something he read would not work. He is a very intelligent and manipulative fellow. He knew exactly what he was doing.

8 -- OPINION AND ORDER

*Id*. at 3-4 (emphasis in original).

This is the only evidence in the record that suggests that petitioner was advised of the elements of the crime of Compelling Prostitution. There is no evidence that the presiding trial judge substantively reviewed the elements of that crime with petitioner, or discussed how the known facts in the case established that petitioner was guilty of Compelling Prostitution. *See* Resp't. Ex. 103. The plea petitions that petitioner signed in pleading guilty to two counts of Compelling Prostitution also lack descriptions of that crime's elements and how petitioner's conduct met those elements. *See* Resp't. Ex. 102.

Oregon's Compelling Prostitution statute provides, in relevant part: "A person commits the crime of compelling prostitution if the person knowingly . . . [i]nduces or causes a person under 18 years of age to engage in prostitution." O.R.S. § 167.017. Petitioner was accused of compelling Amber Shelton and one of the girls Shelton introduced to petitioner to engage in prostitution. Counsel's affidavit, which summarized the evidence developed by petitioner's defense investigator, asserts that Amber Shelton served as a "pimp," accepting money from petitioner to introduce girls to petitioner. Allegedly, Shelton had already engaged in this conduct, previously arranging for one of the girls she introduced to petitioner to have sex with others for money in southern Oregon. Resp't. Ex. 108 at 3.

Despite the sworn statement from petitioner's first counsel that he and petitioner engaged in "hours" of discussions, there is no substantive evidence that this counsel (1) fully understood the elements of the crime of Compelling Prostitution; (2) believed that petitioner's conduct established his guilt of that crime; or (3) conveyed this understanding and belief to petitioner. Instead, the affidavit summarized counsel's understanding of the facts presented in the case, which portrays petitioner as a customer in a prostitution scheme.

9 -- OPINION AND ORDER

Moreover, counsel's possible hostility toward petitioner may be inferred from the tone of his affidavit. Counsel referred to the "*many* times" he was compelled to have discussions with petitioner, that it was "preposterous" for petitioner to suggest that petitioner was unaware of the rights he was surrendering by pleading guilty, that it was "outrageous" of petitioner to complain that counsel had failed to ensure that the court explained his possible sentences to him, and that it was "ludicrous" for petitioner to complain that the case was not investigated properly. Resp't. Ex. 108 at 4 (emphasis in original). As noted, counsel also offered his opinion that petitioner was "manipulative" and "knew exactly what he was doing." *Id*. Counsel concluded his affidavit by opining that petitioner "is doing in this petition as he did many times throughout this case: finding some catch-all phrase in a book and then acting as if he has [some] idea what it means." *Id*. at 5.

Aspects of counsel's hostility may also be inferred from counsel's abrupt withdrawal from representation. This request accompanied counsel's cryptically-worded motion to allow petitioner to withdraw his guilty pleas on the charges of Compelling Prostitution, which offered no basis for the proposed plea change and merely asserted that counsel had discussed – "on more than one occasion" – the benefits and risks of withdrawing the pleas. Resp't. Ex. 112 at 2.

Petitioner engaged in reprehensible conduct. The myriad charges brought against him reflected the complexities of that conduct. Regardless of whether petitioner was "manipulative," or difficult to deal with as a client, the question presented is whether this court can ascertain whether petitioner's counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. *Butcher*, 758 F.2d at 376.

As noted, prejudice in the context of a guilty-plea case requires a showing that the petitioner would not have pled guilty and would have instead insisted on going to trial. *Doe v.*

10 -- OPINION AND ORDER

*Woodford*, 508 F.3d at 568 (quoting *Hill*, 474 U.S. at 59). There is no dispute that in this case, petitioner attempted to withdraw his plea before sentencing and sought to proceed to trial. Petitioner has established that he was prejudiced by counsel's conduct.

There is also no dispute that counsel was required to expend "hours" in discussions with petitioner about the charges brought against petitioner. Given the summary of facts counsel provided in his affidavit, and petitioner's persuasive arguments presented in support of his federal petitions addressing Oregon law and petitioner's alternative trial and sentencing strategies in light of that law and the facts presented,[1] the advice to plead guilty to two counts of the crime of Compelling Prostitution was erroneous. Counsel's flawed advice, and his failure to ensure that the plea petitions to be reviewed and signed by petitioner contained sufficient information about the crimes to which petitioner was pleading guilty and the conduct petitioner committed that established that guilt, precluded petitioner from entering a knowing, voluntary and intelligent plea. These errors were compounded by counsel's ineffective efforts to advance petitioner's request to withdraw his pleas, which appear to have fallen far short of being zealous, and counsel's abandonment of his representation prior to a ruling on petitioner's plea-withdrawal motion.

Moreover, counsel's compounded errors regarding petitioner's pleas were worsened, not cured, by the subsequent conduct of the trial judge. Although petitioner asserts in a footnote to his Memorandum in Support that the judge's possible violations of petitioner's rights under the Due Process Clause of the United States Constitution may provide independent grounds for

---

[1] Although the court need not yet resolve the challenges presented regarding the prosecution's and state courts' applications of the criminal statute pertaining to Compelling Prosecution, the court finds no persuasive value whatsoever in respondent's recitation that "there are no Oregon cases holding the Compelling Prostitution statute is not violated under these circumstances." Resp't. Response at 24. Obviously, the significance of an absence of authorities applies equally to the positions taken by both the petitioner and the respondent.

11  -- OPINION AND ORDER

relief, this argument is not set forth in great (or persuasive) substance. *See* Pet'r's Mem. In Supp. at 32 n.19. This court elects to view the impact of the trial judge's conduct in the context of how that conduct is primarily presented by petitioner – that the judge's actions may well have exacerbated the errors committed by counsel.

As noted above, before his sentencing occurred, petitioner undertook explicit efforts to withdraw his guilty pleas. These efforts were initiated after counsel had discussed strategies and the elements of the crimes charged with petitioner "many times."[2] When counsel complied with petitioner's wishes and filed a motion to withdraw petitioner's pleas, counsel accompanied that motion with a request to remove himself as counsel, as well. The trial judge's subsequent conduct exacerbated the initial counsel's errors regarding his plea advice. This conduct includes granting counsel's request to withdraw before evaluating petitioner's motion to withdraw his pleas, appointing successor counsel despite that counsel's disclosure of ethical conflicts and her desire to withdraw, and then compelling successor counsel to assume responsibility for the advocacy of the plea withdrawal motion.

Similarly, the trial judge's failure to conduct an adequate, more searching inquiry of petitioner regarding the Compelling Prostitution charges when the judge accepted petitioner's guilty pleas exacerbated counsel's errors pertaining to the plea petitions.[3] As noted, the petitions

---

[2] The apparent persistence and redundancy endured by counsel in his communications with petitioner on this subject suggest that petitioner struggled to understand the propriety of his guilty pleas, and not necessarily, as the counsel inferred repeatedly and asserted once explicitly, that petitioner was manipulative and "knew exactly what he was doing."

[3] As noted above, the judge acknowledged that he did not review the plea petitions with petitioner in "excruciating detail." Pet'r's Mem. In Supp. Ex. G. The judge omitted inquiries about the elements of Compelling Prostitution and elicited factual recitations from petitioner regarding the Attempted Rape charges but not regarding the Compelling Prostitution charges.

12 -- OPINION AND ORDER

were virtually silent as to the elements of the crime of Compelling Prostitution, or regarding how petitioner's conduct inculpated him.

Although the measure of counsel's errors could have been mitigated with a more effective colloquy from the judge at the plea hearing, or with a more careful evaluation of both the appointment of successor counsel and of the motion to withdraw petitioner's pleas, under the confluence of circumstances presented during petitioner's plea offering and sentencing, this court is compelled to conclude that petitioner was deprived of effective assistance of counsel at these crucial stages of his prosecution, and that this ineffectiveness prejudiced him by resulting in guilty pleas from petitioner that were not knowing and voluntary.

A plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense, and cannot be construed as voluntary unless a defendant can be said to have received real notice of the true nature of the charges faced. *Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976) (citation and internal quote omitted); *see also Bargas v. Burns*, 179 F.3d 1207, 1215-16 (9th Cir. 1999) (adequate notice of charges to a defendant charged with a sexual assault crime included reading the sexual assault statute and the elements of the offense in open court, and eliciting the defendant's acknowledgment that counsel advised him of the nature of the charge against him and that he understood the nature of his guilty plea).

That did not occur here. It is plain that but for counsel's errors (compounded by the decisions and conduct of the trial judge), petitioner would not have pled guilty and would have instead insisted upon going to trial.

Respondent acknowledges that petitioner's ineffective assistance of counsel claims (at least the claims addressed above) were exhausted. Resp't. Response at 17-18. Similarly, respondent's assertions regarding procedural default identify purported claims other than those addressed above. *Id*. at 17. Accordingly, respondent is left to challenge these ineffective

13 -- OPINION AND ORDER

assistance of counsel claims by arguing that the state court decisions pertaining to petitioner's ineffective assistance of counsel claims were not contrary to clearly established law and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court.  *See* 28 U.S.C. § 2254(d)(1) and (2).

Respondent provides an extensive quote from the post-conviction court's ruling:

> Of course, the biggest problem that the Petitioner has here is he signed the detailed plea agreements here, that's certainly of the – his ability to attack many things here.
>
> But after having read all the transcripts and the depositions and all the other documents in this case, I think my feeling is kind of summed up in the affidavit of David Rich, attorney here in Paragraph 10, where it says, quote, "It is preposterous for Petitioner to suggest that he did not know what rights he was giving up. Petitioner used to come to the meeting with his own criminal code book marked up.  He was citing laws, et cetera."
>
> It's clear to me that [petitioner] is fabricating, that he's manipulative.  He has buyer's remorse and now wants to blame all of this on someone else.
>
> I don't find anything here that constitutes inadequate representation.  And I will be entering judgment for the Defendant.

Resp't. Response at 21-22 (quoting Resp't. Ex. 115 at 18-19).

Respondent urges this court to defer to this reasoning because, essentially, "the trial court stated its reasons for denying relief on the record and the issues were fully briefed on appeal;" the state courts "provided meaningful adjudication of the claims;" petitioner "will fail to prove the State court decision is not entitled to deference;" and because the trial court found petitioner not credible, and "federal courts defer to [a] state court's credibility finding unless the finding is not supported by the record as a whole."  Resp't. Response at 21, 26 (internal quotation and citation omitted).

14 -- OPINION AND ORDER

The court declines to exercise the broad deference respondent seeks. The basis for denying post-conviction relief to petitioner was articulated as (1) petitioner's signature on "detailed plea agreements;" and (2) the existence of an affidavit submitted by petitioner's first trial counsel that was persuasive in portraying petitioner as manipulative and as someone who certainly understood the rights he surrendered by pleading guilty (in part because he possessed a criminal code that he had "marked up"). Resp't. Response at 21-22.

As addressed above, the plea petitions, which were detailed is some regards, were flawed regarding the very questions presented here: did counsel and petitioner understand the elements of the crime of Compelling Prostitution, and did the known evidence of petitioner's conduct render pleading guilty to that crime reasonable? Moreover, the evident antipathy that the trial counsel directed toward petitioner (whether deserved or not) – although apparently shared by the post-conviction court – sheds little light on the question that was properly before the post-conviction court and that is now before this court: was petitioner deprived of effective assistance of counsel at crucial stages of his prosecution, and did this ineffectiveness (especially when exacerbated by other circumstances) prejudice him by resulting in guilty pleas that were not knowing and voluntary, and that he was precluded from withdrawing?

The state courts' conclusions regarding these questions do not merit deference. Instead, this court concludes that those courts' decisions were contrary to clearly established law regarding an accused's right to effective assistance of counsel, and were based on an unreasonable determination of the facts in light of the evidence presented in the state court. Accordingly, the petition before this court must be granted in part as it pertains to petitioner's exhausted ineffective assistance of counsel claims that are articulated above.

**CONCLUSION**

For the reasons provided herein, the Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2254 presented by petitioner Brian Ritchie in the consolidated cases Civil No. 05-963-HA [Petition docketed as 1] and Civil No. 05-1110-HA [Petition docketed as Complaint at 2] are granted in part as follows: the court issues this conditional writ of habeas corpus directing respondent to release petitioner from custody within ninety days unless the state elects to appoint new counsel on behalf of petitioner, conduct a new hearing on petitioner's motion to withdraw his guilty pleas, and either retries petitioner, or (if petitioner's renewed motion to withdraw his pleas is denied) resentences petitioner. If respondent chooses to appeal this decision to the United States Court of Appeals for the Ninth Circuit, respondent may move pursuant to Federal Rule of Civil Procedure 62(c) for a stay pending appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 776-79 (1987).

IT IS SO ORDERED.

DATED this   7   day of October, 2008.

                                                  /s/ Ancer L. Haggerty
                                                       Ancer L. Haggerty
                                               United States District Judge